IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MICHAEL MARQUEZ,

        Plaintiff,

vs.                                                                No. CIV 01-200 JP/LFG

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

        Defendant.


## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

THIS MATTER is before the Court on Plaintiff's Application for Attorney Fees and Expenses Under 42 U.S.C. § 406(b) [Doc. 5]. The Government filed its response [Doc. 9] on October 15, 2004, stating it has no objection to the attorney fee requested so long as certain conditions are met. This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to an Order of Reference [Doc. 2] under 28 U.S.C. § 636. The Court finding that further clarification from the parties is necessary, it therefore enters this Recommended Disposition in order to allow the parties to submit their objections, if they have any.

Both parties agree that a prior award of $1,716.00 was made to counsel under the Equal

---

[1] **Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.**

Access to Justice Act ("EAJA"), 42 U.S.C. § 2412.[2] Plaintiff now seeks $6,061.00 under the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's past due benefits amount to $47,108.00. The fee which counsel now requests under the Social Security Act represents 25 percent of Plaintiff's past due benefits, or $11,777, minus $4,000 for representation before the Commission, minus the $1,716.00 EAJA fee.

The Government states in its response that it has no objection to counsel's receiving a fee under § 406(b) in the amount of $6,061.00, so long as counsel refunds to his client the $1,716.00 EAJA fee, "[u]pon receipt of the 406(b) fees." The Government apparently contemplates that counsel will pay the amount of the EAJA fee to his client out of the $6,601.00, thus leaving a net amount of $4,345.00.

Plaintiff's attorney, on the other hand, appears to be asking that he receive a fee of $6,061.00 and that, in addition, $1,716.00 "be sent directly to Plaintiff." [Doc. 5, at 2, n.1]. Thus, it appears that Plaintiff's counsel is asking for a total fee of $7,777.00. A fee in this amount appears reasonable (it represents 25 percent of the back benefits, minus the $4,000.00 fee for representation before the Commission), as long as counsel refunds the previously-awarded EAJA fee to his client as contemplated in Weakley v. Bowen, 803 F.2d 575 (10th Cir. 1986).

When counsel seeks attorney fees under both EAJA and § 406(b), the usual practice is to file first under EAJA, then request an additional award in a total amount representing the § 406(b) fee plus the EAJA fee which was awarded earlier, with the understanding that the EAJA amount will be

---

[2]The Court does not have documentary evidence that the EAJA fee was ever awarded, nor the amount thereof, nor the docket number of the case in which that award was made. The Court assumes the case was *Marquez v. HHS*, Civ. No. 98-1547, as this docket number appears in the Attorney Time Statement submitted by Plaintiff along with the motion for attorney fees. The file for Civ. No. 98-1547 has been sent to the archives, and the Court cannot confirm from the docket sheet that any award was made under EAJA, nor the amount thereof. The Court will, however, accept both parties' representation that Plaintiff's counsel has received an EAJA award in this amount.

refunded to the client under <u>Weakley v. Bowen</u>. The Court proposes to follow that approach in the present case and suggests that a total award of $7,777.00 be made to Plaintiff's counsel with the proviso that $1,716.00, the amount of the earlier EAJA fee, be refunded by counsel to Mr. Marquez.

However, Plaintiff has not sought a total fee of $7,777.00. Furthermore, the Government has stated that it does not object to Plaintiff's request of $6,061.00 so long as the EAJA fee is repaid by counsel, rather than being paid directly to Mr. Marquez, a method which will result in Plaintiff's attorney receiving only $4,345.00. It is not clear from the Government's response whether or not it would object to a total fee of $7,777.00. The following recommendation is therefore made in the interests of clarifying the parties' positions.

## **Recommended Disposition**

1. That Plaintiff's counsel be awarded an attorney fee in the amount of $7,777.00 under 42 U.S.C. § 406(b), for services before the Court, and

2. That Plaintiff's counsel be directed to refund to Mr. Marquez $1,716.00, representing the amount of the previously-awarded EAJA fee.

_____
Hon. Lorenzo F. Garcia
Chief United States Magistrate Judge